**CT Corporation**

**Service of Process Transmittal**
04/29/2021
CT Log Number 539468055

**TO:** Charles J Reitmeyer, Vice President & Assoc. General Counsel
Aramark
2400 MARKET ST FL 8
PHILADELPHIA, PA 19103-3041

**RE:** **Process Served in Massachusetts**

**FOR:** Aramark Services, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Christopher Bader and Debra Beard-Bader, Pltfs. vs. Aramark Services, Inc. and Sedgwick Claims Management Services, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof, Complaint, Cover Sheet |
| **COURT/AGENCY:** | Middlesex Superior Court, Middlesex County, MA<br>Case # 2181CV00854 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - Fish contamination in an egg product |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/29/2021 at 10:19 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Laurel Francoeur<br>Francoeur Law Office<br>36 Commerce Way<br>Woburn, MA 01801<br>781-222-0557 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/29/2021, Expected Purge Date: 05/04/2021<br><br>Image SOP<br><br>Email Notification,  Charles J Reitmeyer  charles.reitmeyer@morganlewis.com<br><br>Email Notification,  Denise Bolc  bolc-denise@aramark.com<br><br>Email Notification,  Amy Golembo  golembo-amy@aramark.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

 CT Corporation

**Service of Process Transmittal**
04/29/2021
CT Log Number 539468055

**TO:**  Charles J Reitmeyer, Vice President & Assoc. General Counsel
Aramark
2400 MARKET ST FL 8
PHILADELPHIA, PA 19103-3041

**RE:**  **Process Served in Massachusetts**

**FOR:**  Aramark Services, Inc.  (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Thu, Apr 29, 2021

**Server Name:**             Drop Service

| | |
|---|---|
| Entity Served | ARAMARK SERVICES, INC. |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 2181CV00854 |
| Jurisdiction | MA |



# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _2181 CV00854_

_Christopher Bader_
_Debra Beard-Bader_, PLAINTIFF(S),

V.

_Aramark Services Inc_, DEFENDANT(S)
_et al._

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Aramark Services Inc_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _Middlesex_ Court, _200 Trade Center, Wob'r_ (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Francoeur Law Office 36 Commerce Way Woburn. MA 01801_

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

A true copy Attest
_Joseph P Casey_
Deputy Sheriff Suffolk County
4-29-21

4.   **Legal Assistance.**  You may wish to get legal help from a lawyer.  If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:**  The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on April 20 , 20 21

Michael A. Sullivan
Clerk-Magistrate

Note:  The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on_____, 20\_\_\_ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated:_____ , 20 \_\_\_\_        Signature: _____

**N.B.     TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

, 20\_\_\_

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT

MIDDLESEX, ss                                    CASE NO. 2181CV00854

CHRISTOPHER BADER and          )
DEBRA BEARD-BADER              )
     Plaintiffs                )
                               )
v.                             )
                               )
ARAMARK SERVICES, INC. and     )
SEDGWICK CLAIMS                )
MANAGEMENT SERVICES, INC.      )
     Defendants                )
-------------------------------------------------------

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

1.     The Plaintiff, Dr. Christopher Bader, is an individual residing in Medford, Middlesex County, Massachusetts.

2.     The Plaintiff, Debra Beard- Bader, is an individual residing in Medford, Middlesex County, Massachusetts.

3.     The Defendant, Aramark Services, Inc. is a Delaware corporation with a principal place of business at 2400 Market St., Philadelphia, PA and has been conducting business in the Commonwealth of Massachusetts since 1969.

4.     The Defendant Sedgwick Claims Management Services, Inc. is an Illinois corporation with a principal place of business of PO Box 14515, Lexington, KY 405124 and corporate headquarters at 8125 Sedgwick Way, Memphis, TN 38125.

5.     On November 9, 2018, Plaintiff Christopher Bader was working at Fidelity located at 245 Summer Street, Boston, MA.

1

6.      Dr. Bader went to the Fidelity cafeteria for lunch. He had notified the cafeteria kitchen staff previously about his life-threatening allergy, as he had experienced a problem with fish contamination in an egg product there before.

7.      That day, as he had done before without incident, he ordered soup which was labelled "corn chowder." However, the soup actually was fish chowder.

8.      Immediately upon eating the chowder, Dr. Bader experienced symptoms of anaphylactic shock and, fearing for his life, he rushed to the employee medical center.

9.      Staff at Fidelity provided him with two EpiPens which he administered himself with difficulty particularly on the second injection as he began to lose consciousness.

10.     Staff at Fidelity called for an ambulance, and EMT's arrived and rushed him to the nearest hospital, Tufts Medical Center. Upon arrival in the critical care unit, he was examined, medicated, intubated, placed on an IV, catheterized, and examined by endoscopy and chest x-rays.  He spent three days in the hospital in ICU.

11.     He was unable to speak, eat or drink for two days.  Dr. Bader experienced tremendous anxiety, frustration, anger, sadness and guilt during his hospitalization and after.

12.     His wife, Plaintiff Debra Beard-Bader, who was notified by hospital emergency staff of the accident, left work immediately and went to the hospital. She was distressed to witness his condition and had to communicate by written notes alone as he was unable to speak.

13.     She stayed with him twelve hours a day in the hospital for 3 days and took an additional 3 days off work to care for him as he recovered at home.

2

14.     Dr. Bader was discharged with a walker due to his unsteadiness.  He was unable to return to work for six days.

15.     Plaintiffs reached out to Defendant Segdwick Claims Management Services, Inc. via letter on or about June 24, 2019.

16.     On or about February 1, 2021, Plaintiffs reached out to Defendant Segdwick again through a series of emails. Defendant Segdwick Claims Management Services, Inc. requested a signed authorization to retrieve Dr. Bader's medical records. Dr. Bader signed and returned the signed authorization on April 10, 2021.

17.     Defendant Sedgwick Claims Management Services, Inc. said it would contact Plaintiffs' counsel on or before March 15, 2021. However, on March 26, 2021, because counsel never received any communication from Defendant Sedgwick Claims Management Services, Inc., Plaintiffs' counsel emailed Segdwick at the address that she had used previously to communicate with them.

18.     The emails were returned to counsel as undeliverable. She attempted to resend the email 2 more times to no avail. No offer has ever been made.

## COUNT I
## NEGLIGENCE
### Christopher Bader v. Aramark Services, Inc.

19.     The Plaintiffs repeat and reallege the preceding paragraphs of this Complaint and incorporates same herein.

20.     At all relevant times, including November 9, 2018, the Defendant Aramark Services, Inc. knew that the Plaintiff Dr. Christopher Bader was allergic to seafood.

21.     At all relevant times including November 9, 2018, the Plaintiff Dr. Christopher Bader fell ill, suffering from a life-threatening allergic reaction.

3

22.    The Defendant Aramark Services, Inc. owed a duty of care to the Plaintiff to ensure that the food being served to Plaintiff was safe for him to eat.

23.    Defendant Aramark Services, Inc. did breach said duty of care by allowing unsafe and contaminants in the preparation of the food served to Plaintiff, which said preparation was done so in a negligent and careless manner and served to Plaintiff in a mislabeled container. As a direct and proximate result of the negligence of the Defendant Aramark Services, Inc., the Plaintiff Dr. Bader has been caused to suffer both physical and extreme emotional distress damages and Plaintiff Beard-Bader suffered extreme emotional damages.

WHEREFORE, the Plaintiff demands judgment and damages against the Defendant, Aramark Services, Inc. in a sum to be determined at trial, plus interest, costs and attorney's fees.

### COUNT II
### BREACH OF WARRANTY
### Christopher Bader v. Aramark Services, Inc.

24.    The Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint and incorporates same herein.

25.    At all relevant times including on November 9, 2018, the Defendant Aramark Services, Inc. sold the contaminated food that created the risk and injuries to Plaintiff Dr. Christopher Bader.

26.    The Defendant Aramark Services, Inc.'s contaminated food product reached its intended consumer, Plaintiff Dr. Christopher Bader, without substantial change from the condition in which it was sold by Defendant to all its other intended consumers.

27.    The Defendant is subject to liability to the Plaintiff for its breach of express and implied warranties made to its consumers, including the implied warranties of

4

merchantability and of fitness for a particular use within the scope of MGL c. 106, sec. 2-314. Specifically, the Defendant expressly warranted through its sale of food to the public, and by the statements and conducts of its employees and agents, that the food prepared and sold to the Plaintiff was fit for his consumption and not otherwise injurious to his health.

28.     The Plaintiff alleges that the food prepared and sold by the Defendant to the Plaintiff and consumed by him did not conform to the promises or affirmations of fact made by the Defendant and were not adequately contained, packaged or labeled and was thus in breach of the implied warranty of merchantability and the Massachusetts food code.

29.     The Defendant owed a duty to their consumers and to the Plaintiff to prepare and sell food that was reasonably safe in its construction and was free of contaminants and other substances that were injurious to the Plaintiffs health.

30.     The Defendant owed a duty to their consumers and to the Plaintiff, Dr. Christopher Bader, to prepare, serve and sell food that was fit for the Plaintiffs consumption. The Defendant breached this duty.

31.     The Defendant's breach of express and implied warranties was the proximate cause of the pain and suffering of the Plaintiff.

WHEREFORE, the Plaintiff demands judgment and damages against the Defendant Aramark Services, Inc. in a sum to be determined at trial, plus interest, costs and attorney's fees.

**COUNT III**
**FAILURE TO WARN**
**Christopher Bader v. Aramark Services, Inc.**

32.     The Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint and incorporate the same herein.

33.     The Defendant Aramark Services, Inc. owed a duty to the Plaintiff to provide food that was safe for Plaintiff to consume.

34.     The Defendant Aramark Services, Inc., as the maker of the chowder, knew or should have known that seafood was in the chowder but took inadequate steps to warn Plaintiff of the hazard.

35.     The chowder served to Plaintiff was incorrectly labeled and misbranded.

36.     As a result of the acts and/or omissions of the Defendant, the Plaintiff suffered injury, including, but not limited to, physical damages, emotional distress and pain and suffering.

WHERFORE, Plaintiff Christopher Bader demands judgment and damages against the Defendant Aramark Services, Inc., in a sum to be determined at trial, plus interest, costs and attorney's fees.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Christopher Bader and Debra Beard-Bader v. Aramark Services, Inc.

37.     The Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint and incorporate same herein.

38.     Defendant Aramark Services, Inc. owed a duty of care to the Plaintiff Dr. Christopher Bader under the circumstances existing.

39.     Defendant breached that duty of care through their negligent conduct.

40.     Both Plaintiffs suffered severe emotional distress and physical harm as a result of the Defendant's negligence.

6

WHEREFORE, the Plaintiffs demand judgment and damages against the Defendant Aramark Services, Inc. in a sum to be determined at trial, plus interest, costs and attorneys' fees.

**COUNT V**
**LOSS OF CONSORTIUM**
**Debra Beard-Bader v. Aramark Services, Inc.**

41.     The Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint and incorporate same herein.

42.     Plaintiff Debra Beard-Bader is the spouse of Plaintiff Dr. Christopher Bader.

43.     Plaintiff Dr. Christopher Bader suffered severe physical and emotional damage from the negligent, fraudulent and reckless actions of the Defendants.

44.     Plaintiff Debra Beard-Bader suffered extreme emotional distress from the anaphylactic reaction which her spouse experienced as the result of the actions of the Defendants.

45.     Such emotional distress is ongoing and continuous.

46.     Plaintiff Debra Beard-Bader has suffered the loss of consortium with her spouse pursuant to M.G.L. c. 231§85X which has resulted in extreme emotional harm.

WHEREFORE, the Plaintiff Debra Beard-Bader demands judgment and damages against the Defendant Aramark Services, Inc. in a sum to be determined at trial, plus interest, costs and attorneys' fees.

**COUNT VI**
**CHAPTER 93A/176D**
**Christopher Bader and Debra Beard-Bader v. Sedgwick Claims Management Services, Inc.**

47.     The Plaintiffs repeats and re-alleges the preceding paragraphs of this Complaint and incorporate same herein.

48.     At all relevant times, the Defendant Sedgwick Claims Management Services,
Inc.is the insurer for the Defendant Aramark Services, Inc.

49.     Plaintiffs provided in a timely fashion to the Defendant, all relevant documents
and additional materials in their possession notifying Defendant of the Plaintiffs claim(s)
and to allow the Defendant to properly investigate these claims.

50.     On or about January 15, 2021, Plaintiff served a demand for relief under G.L. 93A
to both Defendants.

51.     Despite being provided with a detailed written demand for settlement pursuant to
M.G.L.c.93A, and numerous email correspondences thereafter, the Defendant Sedgwick
Claims Management Services, Inc. has nevertheless refused to make a reasonable and
good faith offer to settle the claim.

52.     The ongoing unfair and deceptive acts and practices of the Defendant Sedgwick
Claims Management Services, Inc. have now forced the Plaintiffs to file suit.

53.     The Defendant has committed unfair claims settlement practices in violation of
        G.L. c. 93A and 176D, sec 3, which include the following unfair practices:

        a.      Section 3(9)(b): "Failing to acknowledge and act reasonably promptly
                upon communications with respect to claims arising under insurance
                policies."

        b.      Section 3(9)(d): "Refusing to pay claims without conducting a reasonable
                investigation based upon all information."

        c.      Section 3(9)(f): "Failing to effectuate prompt, fair and equitable
                settlements of claims in which liability has become reasonably clear."

    d.      Section 3(9)(n): "Failing to provide a reasonable explanation of the basis
in the insurance policy in relation to the facts or applicable law for denial
of a claim or for the offer of a compromise settlement."

54.     The Defendant Sedgwick Claims Management Services, Inc.'s refusal to grant
relief upon demand was made in bad faith with knowledge or reason to know that the acts
and practices complained of violated Chapter 93A and 176D.

55.     The acts of the Defendant Sedgwick Claims Management Services, Inc were
willful and knowing acts in violation of G.L. c. 93A and 176D.

56.     The failure of the Defendant Sedgwick Claims Management Services, Inc to make
a reasonable offer of settlement is a willful and knowing violation of G.L. c. 93A and
176D.

57.·     As a result of said Defendant Sedgwick Claims Management Services, Inc 's
unfair and deceptive acts and practices, the Plaintiffs have incurred substantial damages
and costs.

WHEREFORE, the Plaintiffs pray that the Court grant the following relief against Defendant
Sedgwick Claims Management Services, Inc.:

    a.      Find that the conduct of the Defendant Sedgwick Claims Management Services,
Inc. was a violation of Chapter 93A and 176D.

    b.      Find that the actions of the Defendant Sedgwick Claims Management Services,
Inc. were willful and knowing violations of Chapter 93A and 176D and/or that its refusal
to grant relief upon demand was made in bad faith.

    c.      Award damages to the Plaintiffs in an amount to be determined at trial, plus
interest and costs as provided by law.

d.   Award Plaintiffs double/treble damages and attorney's fees on his claims.

e.   Grant other such relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby make demand for trial by jury on all issues so triable.

Plaintiffs specifically reserve the right to file additional counts.

Date:   4/16/21

Respectfully submitted,
Dr. Christopher Bader and
Debra Beard-Bader
By their attorney,

/s/ Laurel Francoeur

Laurel J. Francoeur, Esq.
BBO# 633085
Francoeur Law Office
36 Commerce Way
Woburn, MA 01801
781-222-0557
laurel@francoeurlaw.com

10

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Cambridge) |

| Plaintiff Christopher Bader and Debra Beard-Bader | Defendant: ARAMARK SERVICES, INC |
|---|---|
| ADDRESS: 298 High Street | ADDRESS: 2400 Market St |
| Medford, MA 02155 | Philadelphia, PA |
| | |
| Plaintiff Attorney: Laurel J. Francoeur | Defendant: Sedgwick Claims Management Services, Inc |
| ADDRESS: 36 Commerce Way | ADDRESS: 8125 Sedgwick Way |
| Second Floor | Memphis, TN |
| Woburn, MA 01801 | |
| BBO: 633085 | |
| Plaintiff Attorney: | Defendant Attorney: |
| ADDRESS: | ADDRESS: |
| | |
| | |
| BBO: | BBO: |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Negligence - Personal Injury | F | ☒ YES ☐ NO |

*If "Other" please describe:   Negligence/products liability

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES ☐ NO | ☐ YES ☒ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses    $33,000.00

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

           Subtotal (1-5):    **$33,000.00**

B. Documented lost wages and compensation to date    $7,196.00

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)    $725,000.00

Emotional Distress

           TOTAL (A-F):    **$765,196.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Life-threatening allergic reaction that led to several days hospitalization

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Unrepresented Plaintiff: X   /s/ Laurel J. Francoeur | Date: | April 16, 2021 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

| |
|---|

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X   /s/ Laurel J. Francoeur | Date: | April 16, 2021 |
|---|---|---|

| Ticklers | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 04/16/2021 | 07/15/2021 | 90 | |
| Answer | 04/16/2020 | 08/16/2021 | 122 | |
| Rule 12/19/20 Served By | 04/16/2021 | 08/16/2021 | 122 | |
| Rule 12/19/20 Filed By | 04/16/2021 | 09/13/2021 | 150 | |
| Rule 12/19/20 Heard By | 04/16/2021 | 10/13/2021 | 180 | |
| Rule 15 Served By | 04/16/2021 | 08/16/2021 | 122 | |
| Rule 15 Filed By | 04/16/2021 | 09/13/2021 | 150 | |
| Rule 15 Heard By | 04/16/2021 | 10/13/2021 | 180 | |
| Discovery | 04/16/2021 | 02/10/2022 | 300 | |
| Rule 56 Served By | 04/16/2021 | 03/14/2022 | 332 | |
| Rule 56 Filed By | 04/16/2021 | 04/11/2022 | 360 | |
| Final Pre-Trial Conference | 04/16/2021 | 05/20/2022 | 400 | |
| Judgment | 04/16/2021 | 04/17/2023 | 731 | |